ELLIS, Judge.
This is a suit on open account, in which plaintiff Ronson Corporation is claiming the sum of $327.76 for a carton of lighters sold and delivered to defendant, Rider Investment Co., Inc., which, at the time of the delivery was know as Rider Jewelry Co., Inc.
At the time the order was placed, defendant was operating five stores: three in Baton Rouge, one in Lafayette, and one in Lake Charles. The order form used contained the following instructions:
“Note: Ship and bill each store separately as indicated. The parent company is responsible for all purchases. You are responsible to ship as instructed. Incoming transportation on incorrectly shipped orders will be charged to you.”
“NOTE: This may be for one, two, three, or four of our stores as indicated by the quantities in each store’s column. SHIP EACH STORE’S ORDER COMPLETE IN ONE SHIPMENT. BACK ORDERS WILL BE REFUSED BECAUSE OUR COST OF TRANSPORT AND HANDLING IS EXCESSIVE. Cancel any items not in the first shipment for each store. Show your invoice number on your address labels. Send duplicate invoices and ATTACH BILLS OF LADING OR EXPRESS RECEIPTS. No substitutions without prior written approval. On shipments over 50 lbs., get routing information from our freight consultant: Mr. Harry Dixon, P. O. Box 1325, Monroe, Louisiana. KINDLY *364 FOLLOW THESE INSTRUCTIONS TO THE LETTER. THANK YOU.”
The particular order was for merchandise to be delivered to the Lake Charles store and to two of the Baton Rouge stores. The shipment to the Lake Charles store was properly made and was paid for. However, through an error, the shipment for the two Baton Rouge stores was combined, and shipped and billed together. The order was received on April 23, 1964. There were some substitutions made on the order, contrary to the instructions contained on the order blank. Because of the errors made in shipping and billing, the shipment was repacked and sent back to Ronson via REA Express with an explanatory letter enclosed. Express received the carton for shipment on May 19', 1964, but it was never delivered to Ronson, and was never located by REA.
Collection letters were sent by Ronson to Rider on August 7 and on September 3, 1964, and a copy of the invoice was sent on September 22. Rider did not respond thereafter, and another letter was written on December 11, requesting payment.
In September, one of Ronson’s salesmen, Mr. Spindler, had called on Rider to discuss the account, and was told that the merchandise had been shipped back via REA. This was the first notice that Ronson had of the return thereof.
Spindler called on Rider’s again on December 16, 1964, and was told that a tracer was to be filed with REA by Rider. However, because of the holiday season, REA would not accept the tracer. The tracer was filed by Rider on January 13, 1965, and, on March 8, 1965, REA notified Rider’s that they were unable to verify delivery of the merchandise to Ronson. Rider thereupon wrote Ronson and so advised them and assigned the claim against REA to them.
Ronson filed a claim, which was rejected by REA because it was filed more than nine months and fifteen days from the date of shipment. Ronson thereupon renewed the efforts to collect from Rider’s, which refused payment.
Suit was eventually filed, and Rider filed an answer and third party demand against REA Express. REA answered the third party demand and denied liability on the ground that the claim was made more than nine months and fifteen days after the date of shipment. It is not contested that REA has a good defense to the claim, so that only the contest between Ronson and Rider is before us at this time.
In dismissing Ronson’s demand, the trial court found that there was never any contract betwen Ronson and Rider because of the fact that Ronson failed to fulfill the conditions set forth on the original order form in the following respects:
“1. The order was all sent to one address rather than as directed.
“2. Substitutions were made to the original order contrary to the specific written emphasized instructions of defendant, and
“3. Back orders were filled again contrary to specific language in the order.” In its specifications of error, appellant Ronson contends that the trial court erred in making each of the above findings of fact. He further contends that even if the above facts are true, that it should not make any difference to the outcome of the case. He argues that Ronson had, in fact, fully accepted the order and that any errors made in the filling thereof could not vitiate the contract which existed when the offer was accepted. It is argued that the following articles of the Civil Code are controlling in a case such as this:
Article 2046
“A resolutory condition is implied in all cummutative contracts to take effect, in case either of the parties do not comply with his engagements; in this case the Contract is not dissolved of right; the party complaining of a breach of the con *365 tract may either sue for its dissolution with damages, or, if the circumstances of the case permit, demand a specific performance.”
Article 2047
“In all cases the dissolution of a contract may be demanded by suit or by exception; and when the resolutory condition is an event, not depending on the will of either party, the contract is dissolved of right; but, in other cases, it must be sued for, and the party in default may, according to circumstances, have a further time allowed for the performances of the condition.”
Appellee, on the other hand, urges that the District Court was correct in its finding that there was never any contract between the parties.
Under the provisions of Article 2439 of the Civil Code, a sale is defined as follows:
"The contract of sale is an agreement by which one gives a thing for a price- in current money, and the other gives the price in order to have the thing itself.
“Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent.”
In this case, Rider offered to purchase those items shown on its order form which were available for delivery by Ronson, without substitution and without back order. It also stipulated certain conditions relative to the delivery of the said items, and made it very clear that these conditions were a necessary part of the contract of sale. Rider never agreed to accept delivery of the items ordered under any other circumstances, and, in fact, did not accept the incorrectly shipped order. The law controlling in a situation such as this is Article 1805, which states:
“The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer, gives him, who makes the offer, the right to withdraw it.”
In failing to fill Rider’s order in accordance with the instructions contained thereon, Ronson did not accept the offer in all its terms and conditions. Since merchandise other than that which was ordered was shipped, by virtue of the substitution, there was no agreement as to the thing sold. Since the merchandise was shipped in a manner other than as directed by the order, there was no consent on the part of Rider.
We therefore find that the ruling of the District Court to the effect that no contract existed between the parties of this suit was correct, and that plaintiffs demand was properly rejected. That being the case, it is unnecessary to consider any of the elements of the third party demand.
For the above and foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.